**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| KIMBERLY SHIPPER, P.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:17-253 |
| | § | |
| THOMAS E. PRICE, M.D., | § | |
| Secretary, UNITED STATES | § | |
| DEPARTMENT OF HEALTH | § | |
| AND HUMAN SERVICES, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR JUDICIAL REVIEW**

COMES NOW, Plaintiff, Kimberly Shipper, P.A., (hereinafter Plaintiff or "Shipper") by and through its attorneys, hereby files its Original Complaint for Judicial Review against Defendant, Thomas E. Price, M.D., the Secretary of the United States Department of Health and Human Services ("HHS" or the "Agency"), and would show the Court the following:

**INTRODUCTION**

1.      In this case, Plaintiff seeks judicial review of Defendant's Final Decision of Review of Administrative Law Judge Decision. This Departmental Appeals Board ("DAB") panel decision affirmed the administrative law judge's decision that sustained the determination of a Medicare contractor to revoke Plaintiff's Medicare billing privilege and terminate Medicare enrollment. Plaintiff is a physician assistant licensed in Texas and participated in the Medicare program prior to the revocation of her enrollment. Plaintiff timely files this judicial review action within 60 days from receipt of the notice of the agency's final decision.

2.      Initially, the Medicare contractor had notified Plaintiff on December 3, 2015 that her billing privilege was revoked effective upon the issuance of an Order of Deferred

Adjudication on April 16, 2013. In March of 2011, Shipper had fallen a sleep when driving late

one night and her car struck a police care parked on the side of a highway. A Texas court had

issued the deferred adjudication on a charge of Aggravated Assault Against a Public Servant and

placed her on community supervision for a period of ten (10) years. In taking the revocation

action, the contractor alleged two grounds: the alleged April 16, 2013 felony "conviction" for

first degree Aggravated Assault of a Public Servant (42 C.F.R. §424.535(a)(3)); and the alleged

failure to report this "conviction" (42 C.F.R. §424.535(a)(9)) to Medicare.

   3.  In the administrative appeal, Plaintiff argued, among other things, that a

revocation may be imposed under 42 U.S.C. §1395cc(b)(2)(d) when a provider has been

"convicted of a felony under Federal or State law." Plaintiff was *not* convicted under Texas law.

It is well settled under the state law that a deferred adjudication is *not* a conviction in Texas.

Consequently, Plaintiff contended that an interpretation of 42 C.F.R. §424.535(a)(3) that applies

a regulatory definition of "convicted" that includes deferred adjudications – contrary to Texas

state law – violates the plain language of the statute. Indeed, the definition of "convicted" under

42 C.F.R. §1001.2 is invalid because it directly contradicts Congress's unambiguously expressed

intent. Inasmuch as a deferred adjudication is *not* properly defined as a "conviction" under 42

C.F.R. §424.535(a), it need not be reported under 42 C.F.R. §424.535(a)(9). In addition,

Plaintiff argued that applying the regulation's new definition of "convicted" is an illegal

retroactive application of 42 C.F.R. §1001.2, which became effective on February 3, 2015, and a

violation of Due Process of Law.

   4.  Plaintiff contends that Defendant's final decision is error and not supported by

substantial evidence. Accordingly, the Secretary's final agency action and revocation action

should be set aside as unlawful.

## PARTIES

5       Plaintiff, Kimberly Shipper, P.A., is a Texas licensed physician assistant that prior to her revocation participated in the Medicare program and provided services to its beneficiaries in Franklin, Texas, and surrounding communities.

6.       Defendant, Thomas E. Price, M.D., is Secretary of the U.S. Department of Health and Human Services (hereinafter "HHS" or "Defendant"), an agency of the United States of America, and he may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas and by sending a copy of the summons and of the complaint by certified mail to the United States Attorney of the United States and to Defendant.  The Secretary of HHS oversees the Medicare program, and he issues its final decision.

## JURISDICTION AND VENUE

7.       This is a civil action for judicial review of a final decision rendered by the agency's DAB appellate division, upholding CMS's decision to revoke Plaintiff's Medicare billing privilege and terminate her Medicare enrollment.

8.       This action arises under Title XVIII of the Social Security Act, as amended, which establishes the Medicare Program, 42 U.S.C. §1395 et seq., and the Administrative Procedure Act, 5 U.S.C. §§51-559, 701-706 (the "APA").

9.       This Court has jurisdiction to review a decision rendered by the Departmental Appeals Board pursuant to 42 U.S.C. §§1395cc(h) and 1395ff(b), and 42 U.S.C. §§405(g) and 405(h).

10.     Venue is proper in this Court under 42 U.S.C. §§1395cc(h) and 1395ff(b), and 42 U.S.C. §§405(g) and 405(h), because Plaintiff both resides and has her principal place of business is in this district.

## APPLICABLE MEDICARE LAW

### The Medicare Program

11.     As part of the Social Security Amendments of 1965, Congress established the so-called Medicare program: a national health insurance plan to cover the cost of medical care for the elderly and disabled. *See* 42 U.S.C. §1395 *et seq*. Officially known as "Health Insurance Benefits for the Aged and Disabled," it provides basic protection against the costs of inpatient hospital and other institutional provider care. It also covers the costs of physician and other healthcare practitioner services and items not covered under the basic program. In 1997, beneficiaries were extended the option of choosing to select a managed care plan. More recently, in 2006, the program was expanded further to include a prescription drug benefit.

### Enrollment

12.     In order to receive payment for covered Medicare items or services a provider or supplier must be enrolled in the Medicare program. *See* 42 C.F.R. §424.505. Upon enrollment, the provider or supplier receives billing privileges and is issued a valid billing number. *Id*.

### Revocation

13.     CMS may revoke a currently enrolled provider or supplier's Medicare billing privilege and terminate Medicare enrollment for various reasons. 42 C.F.R. §§424.535(a), (b). Included within a laundry-list of 14 reasons are felonies. The statute instructs that a revocation may be imposed under 42 U.S.C. §1395cc(b)(2)(d) when a provider has been "convicted of a

4

felony under Federal or State law." Federal regulations further instruct that CMS may revoke a currently enrolled provider or supplier's Medicare billing privileges if it was within the preceding 10 years, convicted (as that term is defined in 42 C.F.R. §1001.2) of a Federal or State felony offense that CMS determines is detrimental to the best interests of the Medicare program and its beneficiaries. 42 C.F.R. §424.535(a)(3). The definition of "convicted" under 42 C.F.R. §1001.2 provides it means that (a) a judgment of conviction has been entered against an individual or entity by a Federal, State or local court, regardless of whether: (1) there is a post-trial motion or an appeal pending, or (2) the judgment of conviction or other record relating to the criminal conduct has been expunged or otherwise removed; (b) a Federal, State or local court has made a finding of guilt against an individual or entity; (c) a Federal, State or local court has accepted a plea of guilty or nolo contendere by an individual or entity; or (d) an individual or entity has entered into participation in a first offender, deferred adjudication or other program or arrangement where judgment of conviction has been withheld. [1] Further, a provider or supplier may be revoked for failure to report as required by 42 C.F.R. §424.516(f). 42 C.F.R. §424.535(a)(9).

### Payment and Audit Functions

14.     Medicare's payment and audit functions are performed by various federal contractors. For instance, the payment of claims at issue in this case was made by Novitas Solutions, Inc., a Medicare Administrative Contractor or "MAC." Various other contractors, like Health Integrity, L.L.C., a Zone Program Integrity Contractor (or "ZPIC"), investigate instances

---

[1]     On February 3, 2015, CMS amended 42 C.F.R. §424.535 to include the regulatory definition of "convicted" under 42 C.F.R. §1001.2. 79 Fed. Reg. 72,500, 72509-13 (Dec. 5, 2014).

of suspected fraud, waste, and abuse as well as identify any improper payments that are to be collected by MACs.

### Appeal Process

15.    An enrolled provider or supplier participating in the Medicare program is entitled to appeal the initial action. 42 U.S.C. §1395ff(b). Any individual dissatisfied with any initial determination shall be entitled to reconsideration of the determination and a hearing thereon. Thereafter, judicial review of the final decision after such hearing as is provided in 42 U.S.C. §405(g). *See also* 42 C.F.R. §§424.545 and Part 498.

### CONDITIONS PRECEDENT

16.    All conditions precedent have been performed or have occurred.

### FACTS

17.    Plaintiff is a physician assistant licensed in Texas and was participating in the Medicare program prior to the revocation of her billing privilege and enrollment.

### Deferred Adjudication

18.    In March of 2011, Plaintiff had fallen a sleep when driving late one night and her car struck a police care parked on the side of a highway. Subsequently, a Texas court issued a deferred adjudication on a charge of Aggravated Assault Against a Public Servant and placed Shipper on community supervision for a period of ten (10) years. The court issued the order of deferred adjudication in State of *Texas v. Kimberly Woods Shipper*, Case No. 137478901010, 351st District Court, Harris County, Texas, on April 16, 2013.

19.    It well settled that a deferred adjudication is not a "conviction" under Texas law. *See Donavan v. State*, 68 S.W.3d 633, 636-37 (Tex.Crim.App. 2002); *McNew v. State*, 608

6

S.W.2d 166, 172 (Tex.Crim.App. 1978); *Beedy v. State*, 194 S.W.3d 595, 599 (Tex.Ct.App. 2006).

**Initial Determination**

20.     On December 3, 2015, Novitas Solutions, a Medicare contractor, issued a notice of its determination to revoke Petitioner's billing privilege.  In taking the action, the contractor alleged *only* two reasons for the revocation:  the alleged April 16, 2013 felony "conviction" for first degree Aggravated Assault of a Public Servant (42 C.F.R. §424.535(a)(3)); and the alleged failure to report this "conviction" (42 C.F.R. §424.535(a)(9)) to Medicare.  The revocation was made retroactively effective upon the issuance of an Order of Deferred Adjudication on April 16, 2013.

**Reconsideration**

21.     Plaintiff filed on December 21, 2015 a request for reconsideration of the initial determination and revocation of her billing privilege and termination of Medicare enrollment. She argued it was error to determine she was "convicted" because of the deferred adjudication.  It is well settled law that a deferred adjudication is not a conviction under Texas law.  Inasmuch as the deferred adjudication was not a conviction under state law, she had no conviction to report.

22.     On April 25, 2016, the Medicare contractor issued an unfavorable Reconsideration Decision.  The contractor concluded that revocation reason 42 C.F.R. §424.535(a)(3), based on the definition of "convicted" under 42 C.F.R. §1001.2, included deferred adjudications.  Further, it concluded that Shipper failed to report in violation of 42 C.F.R. §424.535(a)(9) the deferred adjudication it characterized as a "conviction" within 30 as required by 42 C.F.R. §424.516(d)(1)(ii).

7

## ALJ Hearing

23.     Plaintiff filed on June 16, 2016 a request for an ALJ hearing to contest the Medicare contractor's decision sustaining the revocation.  Shipper argued, among other things, that a deferred adjudication is not a conviction under Texas.  Plaintiff contended that an interpretation of 42 C.F.R. §424.535(a)(3) that applies a regulatory definition of "convicted" that includes deferred adjudications – contrary to Texas state law – violates the plain language of 42 U.S.C. §1395cc(b)(2)(d), which requires that a provider be "convicted of a felony under Federal or State law."  It was also alleged that the regulation, 42 C.F.R. §424.535(a)(3), and its regulatory definition of "convicted" under 42 C.F.R. §1001.2, is invalid because it directly contradicts Congress's unambiguously expressed intent.  Further, Plaintiff argued the retroactive application of an amendment to the regulations that established the definition violated Due Process of Law.  Finally, Plaintiff argued that inasmuch as the deferred adjudication was not a conviction, Shipper's failure to report it was not a basis for revocation.

24.     On November 9, 2016, Administrative Law Judge Kessel issued his Decision that sustained the determination of the Medicare contractor to revoke Plaintiff's billing privilege and terminate her Medicare enrollment.  The ALJ concluded that the deferred adjudication was a conviction under 42 C.F.R. §424.535(a)(3) based on the federal regulatory definition.  However, the ALJ stated he lacked authority to decide whether the definition under 42 C.F.R. §1001.2 conflicts with the governing federal statute.  The ALJ also concluded that Plaintiff violated  42 C.F.R. §424.535(a)(9) due to her failure report the conviction.   Further, the ALJ rejected the contention that applying the new regulatory definition was an impermissible retroactive application because it "merely clarified the regulation's intent."

8

### DAB Panel Review

25.    Plaintiff filed on January 4, 2017 a request for DAB panel review of the ALJ's decision.  Plaintiff alleged the decision was error and re-asserted the arguments raised at the ALJ hearing.

26.    On July 24, 2017 the DAB panel issued its Final Decision on Review of Administrative Law Judge Decision. The panel found there was substantial evidence to support the ALJ's decision that the revocation was proper under 42 C.F.R. §424.535(a)(3).  However, the DAB panel sustained the ALJ's decision but concluded the conviction was "under state law" using an analysis that applied a federal definition of conviction of a state law felony.   The panel asserted the regulatory definition was consistent with the governing statute.  It also found there was substantial evidence to support the ALJ's decision that the revocation was proper under 42 C.F.R. §424.535(a)(9) because the Plaintiff failed to report her "conviction."   The panel rejected Plaintiff's retroactive application argument because it was not a substantive change to 42 C.F.R. §424.535(a)(3).

### Judicial Review

27.    Plaintiff seeks judicial review of DAB Panel's Final Decision on Review of the Administrative Law Judge Decision. Plaintiff alleges that Defendant's interpretation of 42 C.F.R. §424.535(a)(3) that applies a regulatory definition of "convicted" that includes deferred adjudications contrary to Texas state law violates the plain language of 42 U.S.C. §1395cc(b)(2)(d), which requires that a provider be "convicted of a felony under Federal or State law."  Plaintiff alleges that the regulatory definition of "convicted" under 42 C.F.R. §1001.2 is invalid because it directly contradicts Congress's unambiguously expressed intent. Further,

9

Plaintiff alleges it is error to conclude Plaintiff violated 42 C.F.R. §424.535(a)(9) due to her

failure report the deferred adjudication as a "conviction." Additionally, Plaintiff alleges the

retroactive application of the amendment to the regulations that established the definition under

42 C.F.R. §1001.2 violated Due Process of Law. It also alleges it is a violation of Due Process

for the DAB panel to conclude alternative grounds for "conviction" that were never noticed as

bases for the revocation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28.      Plaintiff has exhausted all administrative and may properly seek judicial review.

29.      The July 24, 2017 DAB panel decision is Defendant's final decision, and it

subject to judicial review before this Court in accordance with 42 U.S.C. §1395ff(b).

## CLAIMS FOR RELIEF

## COUNT I

## AGENCY ACTION IS ARBITRARY AND CAPRICIOUS

30.      Plaintiff hereby incorporates by reference and realleges each and every allegation

set forth in this complaint.

31.      Based upon the administrative record developed before the Agency, the final

decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT II

## AGENCY ACTION IS CONTRARY TO CONSTITUTIONAL RIGHT

32.      Plaintiff hereby incorporates by reference and realleges each and every allegation

set forth in this complaint.

33.      Based upon the administrative record developed before the Agency, the final

decision is contrary to constitutional right, power, privilege, or immunity.

## COUNT III

### AGENCY ACTION IS IN EXCESS OF STATUTORY AUTHORITY

34.    Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in this complaint.

35.    Based upon the administrative record developed before the Agency, the final decision is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

## COUNT IV

### AGENCY ACTION IS WITHOUT OBSERVANCE OF PROCEDURE

36.    Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in this complaint.

37.    Based upon the administrative record developed before the Agency, the final administrative decision is without observance of procedure required by law.

## COUNT V

### AGENCY ACTION IS UNSUPPORTED BY SUBSTANTIAL EVIDENCE

38.    Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in this complaint.

39.    Based upon the administrative record developed before the Agency, the final administrative decision is unsupported by substantial evidence.

## COUNT VI

### REGULATION IN VIOLATION OF 42 U.S.C. §1395cc(b)(2)(d)

40.    Plaintiff hereby incorporates by reference and realleges each and every allegation

set forth in this complaint.

41.    Under well established legal precedent, federal agencies only have authority to adopt regulations that are based on a permissible and reasonable construction of the governing statute. *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984); *see also* 5 U.S.C. §706(2)(B). Regulations that are "manifestly contrary to statute" are beyond the agency's authority to adopt and will be found "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" and arbitrary, capricious and contrary to law, and in violation of the APA. *Chevron*, 467 U.S. at 844; 5 U.S.C. §§706(2)(A), (B).

42.    Defendant purportedly implemented 42 U.S.C. §1395cc(b)(2)(d) by promulgating the regulation appearing at 42 C.F.R. §424.535(a)(3) and by amending it to include the regulatory definition of "convicted" under 42 C.F.R. §1001.2. 79 Fed. Reg. 72,500, 72,509-13 (Dec. 5, 2014).

43.    The statute plainly, unambiguously, and explicitly instructs that the predicate-basis for a revocation is a felony conviction under Federal *or* State law, stating:

> The Secretary may refuse to enter into an agreement under this section or, upon such reasonable notice to the provider and the public as may be specified in regulations, may refuse to renew or may terminate such an agreement after the Secretary –
> (D) has ascertained that the provider has been convicted of a felony under Federal or State law for an offense which the Secretary determines is detrimental to the best interests of the program or program beneficiaries.

42 U.S.C. §1395cc(b)(2)(d).

44.    The regulation, as amended, instructs that Defendant may revoke a currently enrolled provider or supplier's billing privilege and terminate its Medicare enrollment when:

(3) Felonies.
(i) The provider, supplier, or any owner or managing employee of the provider or supplier, was, within 10 years, convicted (as that term is defined in 42 C.F.R. §1001.2) of a Federal or State felony offense that CMS determines is detrimental to the best interests of the Medicare program and its beneficiaries.

42 C.F.R. §424.535(a)(3).

45.    The new regulatory definition of "convicted" under §1001.2 states that it is a:

(a) A judgment of conviction has been entered against an individual or entity by a Federal, State or local court, regardless of whether:
 (1) There is a post-trial motion or an appeal pending, or
 (2) The judgment of conviction or other record relating to the criminal conduct has been expunged or otherwise removed;
(b) A Federal, State or local court has made a finding of guilt against an individual or entity;
(c) A Federal, State or local court has accepted a plea of guilty or nolo contendere by an individual or entity; or
(d) An individual or entity has entered into participation in a first offender, deferred adjudication or other program or arrangement where judgment of conviction has been withheld.

42 C.F.R. §1001.2.

46.    The regulatory definition, which establishes a

controlling federal definition of "convicted," conflicts with the

governing statute, and it renders State law irrelevant in violation of

42 U.S.C. §1395cc(b)(2)(d).

47.    The regulation, 42 C.F.R. §424.535(a)(3), and the new regulatory definition of

"convicted" under 42 C.F.R. §1001.2, are *ultra vires* a statute and it exceeds the Defendant's

statutory jurisdiction, authority, or limitations and is short of the agency's statutory right under

the Medicare Ac, and it is also arbitrary, capricious, an abuse of discretion and otherwise not in

13

accordance with law, in violation of the Medicare Act and 5 U.S.C. §§706(2)(A) and (B).

## COUNT VII

## INJUNCTION ON ENFORCEMENT OF UNLAWFUL REGULATION

48.    Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in this complaint.

49.    Defendant's regulation, 42 C.F.R. §424.535(a)(3), and the new regulatory definition of "convicted" under 42 C.F.R. §1001.2, is contrary to the Medicare Act (specifically 42 U.S.C. §1395cc(b)(2)(d)), are arbitrary and capricious, an abuse of discretion, not in accordance with law, and, therefore this Court may properly enjoin the Defendant from imposition of revocation based upon the unlawful regulation.  Accordingly, Plaintiff makes application for a declaration or its rights and an injunction against Defendant's imposition of revocation of her billing privileges and termination of Medicare enrollment based upon the unlawful regulation.

## ATTORNEYS FEES AND COSTS

50.    Plaintiff is entitled to an award of attorney fees and costs under the Equal Access to Justice Act, pursuant to 28 U.S.C. §2412(d)(1)(A), as a prevailing party.

## PRAYER

51.    For these reasons, Plaintiff prays that this Court enter judgment against Defendant for the following:

a.    the findings and decision complained of be set aside as the Agency action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

b.    the findings and decision complained of be set aside as the Agency action is contrary to constitutional right, power, privilege, or immunity;

14

c.   the findings and decision complained of be set aside as the Agency action is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

d.   the findings and decision complained of be set aside as the Agency action is without observance of procedure required by law;

e.   the findings and decision complained of be set aside as the Agency action is unsupported by substantial evidence;

f.   issue a declaratory judgment that the regulation, 42 C.F.R. §424.535(a)(3), and its new regulatory definition of "convicted" under 42 C.F.R. §1001.2, are unlawful and that it be set aside;

g.   issue and order that Defendant is enjoined from enforcing against Plaintiff the imposition of revocation of her billing privilege and termination of Medicare enrollment based on application the regulation, 42 C.F.R. §424.535(a)(3), and its new regulatory definition of "convicted" under 42 C.F.R. §1001.2.

h.   assess reasonable attorney fees and costs of suit;

i.   for such other and further relief as the Court may deem just and proper under law.

Respectfully submitted,

KENNEDY
Attorneys & Counselors at Law

/s/ Mark S. Kennedy

_____
MARK S. KENNEDY
Texas Bar No. 24000122
12222 Merit Drive, Suite 1750
Dallas, TX 75251
voice: (214) 445-0740
fax: (972) 661-9320
markskennedylaw@msn.com

**ATTORNEYS FOR PLAINTIFF**

15